## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 19-4-SDD-RLB |
| | : | |
| XAVIER JOHNSON, A.K.A. "ZIGGY" | : | |

## **RULING**

This matter is before the Court on the Defendant's *Motion to Sever Charges*.[1] The Government responded to this motion.[2] The Government charges the Defendant with one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[3] The Defendant's Motion asserts that the charges are misjoined under Rule 8(a) and that the charges should be severed under Rule 14 of the Federal Rules of Criminal Procedure.[4] In response, the Government contends that the charges are properly joined and that severance is not warranted by law.[5]

For the reasons set forth below, the Defendant's *Motion to Sever Charges*[6] is DENIED.

---

[1] Rec. Doc. 33.
[2] Rec. Doc. 36.
[3] Rec. Doc. 41, p. 6, 33.
[4] Rec. Doc. 33.
[5] Rec. Doc. 36.
[6] Rec. Doc. 33.
57479

**I.  FACTUAL BACKGROUND**

Count One accuses the Defendant of violating 21 U.S.C. § 846 by ordering a shipment of marijuana and methamphetamine into Baton Rouge, Louisiana for intended distribution in the Louisiana State Penitentiary ("Angola").[7] On or about October 26, 2018, the Defendant allegedly accepted delivery of a package containing the illicit substances.[8] The Defendant thereafter allegedly coordinated transportation of the substances into Angola.[9] On October 28, the Government alleges that the Defendant and another individual traveled to Angola from Baton Rouge, purportedly with the intention of delivering the drugs into the prison.[10]

Soon thereafter, law enforcement officials obtained a warrant to search the Defendant's residence, and a search was conducted on November 9, 2018.[11] In the search, law enforcement officials seized a firearm and ammunition (among other drug paraphernalia) that allegedly belong to the Defendant and form the basis for Count Two, which charges the Defendant with a violation of 18 U.S.C. § 922(g)(1).[12]

**II.  LAW AND ANALYSIS**

    **A. Rule 8(a) Joinder of Offenses**

Rule 8 permits joinder of charges when the joined offenses "are of the same or similar character, or are based on the same act or transaction, or are parts of a common

---

[7] Rec. Doc. 41, p. 6-30.
[8] *Id.*, p. 25.
[9] *Id.*
[10] *Id.*, p. 26-7.
[11] Rec. Doc. 36, p. 3.
[12] *Id.*, p. 3-4.
57479

scheme or plan."[13] In this Circuit, Rule 8(a) is "broadly construed in favor of initial joinder,"[14] and "[j]oinder of charges is the rule rather than the exception."[15] Rather than focusing on the immediate connection between the offenses, Rule 8(a) is instead concerned with the "logical relationship" between the charges.[16] Whether joinder of charges is proper is determined by consulting the allegations contained in the indictment, which are assumed to be true for this analysis.[17]

Here, the Court finds that Count One and Count Two are properly joined under Rule 8(a). The common scheme or plan is clear: the firearm upon which Count Two is based was seized in a warrant search of the Defendant's premises based on probable cause arising from the Defendant's alleged conspiracy to commit unlawful acts. "When firearms are found during the investigation of an offense, joinder of the gun charges is appropriate."[18] Further, "[alleged] [p]roof of a conspiracy count will validate a joinder of substantive offenses growing out of that conspiracy."[19] It is clear from the alleged facts in the indictment that the firearm charge is logically connected to the conspiracy charge and therefore satisfies the liberal requirements of Rule 8 as a part of a common scheme or plan. "[F]irearms are 'tools of the trade' of those engaged in illegal drug activities and are

---

[13] FED. R. CRIM. P. 8(a).
[14] *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990) (citing *United States v. Park*, 531 F.2d 754, 760-61 (5th Cir. 1976)).
[15] *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001).
[16] *Park*, 531 F.2d at 761 (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 609 (1926)).
[17] *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985).
[18] *United States v. Mays*, 466 F.3d 335, 340-41 (5th Cir. 2006) (citing *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995).
[19] *United States v. Banks*, 465 F.2d 1235, 1242 (5th Cir. 1972).
57479

highly probative in proving criminal intent."[20] Much like the Fifth Circuit's inference in *United States v. Bullock*, it is reasonable to infer that a person allegedly engaged in illegal drug activity—particularly the kind of drug trade alleged in the indictment—possesses a weapon in connection with the drug scheme.[21] The Court finds that as alleged, Count One and Count Two satisfy the Rule 8 joinder requirement that the offenses be part of a common scheme or plan.

### B. Rule 14 Severance of Offenses

Even if joinder is proper under Rule 8(a), charges may nonetheless be severed under Rule 14 when the joinder prejudices the defendant.[22] Rule 14 provides that when joinder of offenses "appears to prejudice a defendant . . . the court may order separate trials of counts."[23] Prejudice under the auspices of Rule 14 occurs when a jury will be incapable of reliably determining the guilt or innocence of the defendant.[24] The burden of proof required for Rule 14 severance is high: the defendant must show that denial of his motion would result in "specific and compelling prejudice."[25] Further, the Defendant must demonstrate such prejudice as to outweigh the government's interest in judicial

---

[20] *United States v. Dixon*, 132 F.3d 192, 197 (5th Cir. 1997) (quoting *United States v. Martinez*, 808 F.2d 1050, 1057 (5th Cir. 1987)).
[21] *See Bullock,* 71 F.3d at 175 ("While Bullock did not use the gun involved in count one in the bank robbery, it was found in the trunk of the getaway car within hours of the robbery. Therefore, a factfinder could infer that Bullock had the gun so that it would be available to him during the robbery and escape.").
[22] FED. R. CRIM. P. 14.
[23] *Id.*
[24] *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008); *see also United States v. Lane*, 474 U.S. 438, 449 (1986).
[25] *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996) (quoting *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994).
57479

economy.[26] Even then, Rule 14 severance is subject to the Court's discretion.[27] And very often, any possible prejudice can be resolved by proper jury instructions.[28]

Here, severance is not required by Rule 14. The Defendant has failed to meet the high standard required for a severance. The inclusion of a firearm charge, when properly joined to the other charges, is not prejudicial for the purposes of Rule 14. And as discussed *supra*, Counts One and Two are properly joined. The present case includes twenty-two defendants involved in a drug smuggling conspiracy that took place across multiple states over the course of several months. To sever a firearms charge as to one defendant and try it separately, when that charge is properly joined under Rule 8(a), comes with such economic costs as to outweigh any prejudice associated with the charge. Moreover, in the same way that "cautionary instructions can decrease the possibility that the jury will improperly transfer proof of guilt from one defendant to another," jury instructions can likewise prevent the transfer of guilt between charges.[29] In light of the heavy burden on judicial economy and the "curative power" of a jury instruction, the Court finds that Rule 14 severance of Counts One and Two is not appropriate.[30]

---

[26] *United States v. Richards*, 204 F.3d 177, 193 (5th Cir. 2000) (citing *McCord*, 33 F.3d at 1452).
[27] *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). *See also* FED. R. CRIM. P. 14 advisory committee's note to 1944 adoption.
[28] *Bullock*, 71 F.3d at 175.
[29] *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991) (quoting *United States v. Hogan*, 763 F.2d 697, 705 (5th Cir. 1985)).
[30] *See United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976).
57479

### III. CONCLUSION

In consideration of the above, the Defendant's *Motion to Sever Charges*[31] is **DENIED.**

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 5, 2019</u>.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. 33.
57479